PAUL HASTINGS LLP
PAUL GROSSMAN (SB# 035959)
paulgrossman@paulhastings.com
LESLIE L. ABBOTT (SB# 155597)
leslieabbott@paulhastings.com
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California  90071-2228
Telephone:  (213) 683-6000
Facsimile:   (213) 627-0705

YOUNG, ZINN & BATE LLP
HARRY A. ZINN (SB# 116397)
hzinn@yzblaw.com
1150 South Olive Street
Suite 1800
Los Angeles, California  90015
Telephone:  (213) 362-1860
Facsimile:   (213) 362-1861

Attorneys for Defendants
SOUTHERN CALIFORNIA GAS COMPANY
and SEMPRA ENERGY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINAT CHHAN, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTHERN CALIFORNIA GAS COMPANY, a California corporation, SEMPRA ENERGY, a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 2:17-CV-04008<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>Los Angeles County Superior Court Case No. BC522049 |

LEGAL_US_W # 90065210.2

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF SINAT CHHAN, AND TO PLAINTIFF'S ATTORNEYS OF RECORD, MATTHEW J. MATERN, ESQ., MATTHEW W. GORDON, ESQ., LAUNA ADOLPH, ESQ. AND THE MATERN LAW GROUP, PC:

PLEASE TAKE NOTICE THAT Defendants Southern California Gas Company and Sempra Energy ("Defendants") hereby remove this action from the Superior Court of the State California for the County of Los Angeles to the United States District Court for the Central District of California.  Defendants remove this action based on an order signed and entered on April 27, 2017 by Hon. Maren Nelson of the Los Angeles Superior Court entitled Order Granting Class Certification (hereinafter "4/27/17 Order") because it is the first pleading, motion, order or other paper from which Defendants could ascertain that the action is removable, 28 U.S.C. § 1446(b)(3).  The 4/27/17 Order is attached as Exhibit A to the Declaration of Leslie L. Abbott.  The 4/27/17 Order expressly tethers the resolution of Plaintiff Sinat Chhan's rest period and minimum wage claims to the parties' contested interpretation of the "design and implementation" of the collectively-bargained Pay-Per-Route ("PPR") agreement that covers the compensation of part-time meter readers.  The PPR agreement is attached as Exhibit B to the Abbott Declaration.  Interpretation of the PPR agreement will require not only analysis of its text, but also extensive inquiry into its bargaining history and more than 20 years of its application by the Southern California Gas Company and its unions.  Accordingly, based on the 4/27/17 Order, Defendants' ground for removal is federal question jurisdiction under the complete preemption doctrine, 28 U.S.C. § 1331 and Section 301 of the Labor Management Relations Act ("LMRA"), as set forth below:

1.     On September 23, 2013, Plaintiff, a former part-time meter reader at Southern California Gas Company, filed a Class Action Complaint in the Superior

NOTICE OF REMOVAL OF CIVIL ACTION

LEGAL_US_W # 90065210.2

Court of the State of California for the County of Los Angeles entitled:  "*Sinat Chhan v. Southern California Gas Company and Sempra Energy and Does 1 through 100, inclusive*," designated as Case No. BC522049 (the "Action").  The Complaint alleged the following ten purported wage-hour causes of action: (1) failure to provide required meal periods; (2) failure to provide required rest periods; (3) failure to pay overtime wages; (4) failure to pay minimum wages; (5) failure to pay all wages due to discharged or quitting employees; (6) failure to furnish accurate itemized wage statements; (7) failure to maintain required records; (8) failure to indemnify employees for necessary expenditures incurred in discharge of duties; (9) unfair and unlawful business practices; and (10) representative action for civil penalties.  Plaintiff's Complaint is attached as Exhibit C to the Abbott Declaration.

2.      Defendants were served with the Complaint on December 13, 2013. (Abbott Decl. ¶ 5.)  The Summons is attached as Exhibit D to the Abbott Declaration.

3.      Defendants filed and served their Answer to the Complaint on January 13, 2014.  (Abbott Decl. ¶ 6.)  Defendants' Answer is attached as Exhibit E to the Abbott Declaration.

4.      On August 17, 2015, Plaintiff filed a First Amended Complaint that removed three of the previously pled claims.  The remaining seven unchanged purported causes of action in the First Amended Complaint were (1) failure to provide required meal periods; (2) failure to provide required rest periods; (3) failure to pay overtime wages; (4) failure to pay minimum wages; (5) failure to pay all wages due to discharged or quitting employees; (6) failure to maintain required records; and (7) unfair and unlawful business practices.  The First Amended Complaint is attached as Exhibit F to the Abbott Declaration.

NOTICE OF REMOVAL OF CIVIL ACTION

1    5.    Defendants filed and served their Answer to the First Amended

2    Complaint on September 16, 2015.  (Abbott Decl. ¶ 8.)  Defendants' Answer to the

3    First Amended Complaint is attached as Exhibit G to the Abbott Declaration.

4    6.    On May 4, 2016, the Court granted the parties' stipulation to permit

5    Plaintiff to amend his complaint solely to allege new statutory grounds (California

6    Labor Code section 226.2) for his rest period and minimum wage claims.  The

7    Second Amended Complaint, deemed filed and served on May 4, 2016, was

8    otherwise unchanged and alleges the following causes of action:  (1) failure to

9    provide required meal periods; (2) failure to provide required rest periods;

10   (3) failure to pay overtime wages; (4) failure to pay minimum wages; (5) failure to

11   pay all wages due to discharged or quitting employees; (6) failure to maintain

12   required records; and (7) unfair and unlawful business practices.  The Court's Order

13   permitting the filing of the Second Amended Complaint, and the Second Amended

14   Complaint itself attached thereto, is attached as Exhibit H to the Abbott

15   Declaration.

16   7.    Defendants filed and served their Answer to the Second Amended

17   Complaint on June 3, 2016.  (Abbott Decl. ¶ 10.)  Defendants' Answer to the

18   Second Amended Complaint is attached as Exhibit I to the Abbott Declaration.

19   8.    Defendants Does 1 through 100 are unnamed and unknown, and

20   therefore have not been served with any of Plaintiff's Complaints, including the

21   operative Second Amended Complaint.  (Abbott Decl. ¶ 11.)

22   9.    In addition to the Summons, the Complaint, the First Amended and

23   Second Amended Complaints and Defendants' Answers thereto, and the 4/27/17

24   Order and PPR agreement (Exhibits A-I), Defendants attach further orders in this

25   action as Exhibits J through U to the Abbott Declaration.  Exhibits A through U

26   comprise all process, pleadings, and orders served upon Defendants in this action,

27   as required by 28 U.S.C. § 1446(a) and Rule 7(a) of the Federal Rules of Civil

28   Procedure.

NOTICE OF REMOVAL OF CIVIL ACTION

1      10.    Venue is proper in this District pursuant to 28 U.S.C. § 1441(a)

2  because the Superior Court where this action was pending is located within this

3  District.

4      11.    Defendants' removal of this action is timely under 28 U.S.C.

5  § 1446(b)(3)("[I]f the case stated by the initial pleading is not removable, a notice

6  of removal may be filed within thirty days after receipt by the defendant, through

7  service or otherwise, of a copy of an amended pleading, motion, order or other

8  paper from which it may first be ascertained that the case is one which is or has

9  become removable.").

10      12.    The first thirty-day time period for removal in 28 U.S.C.

11  § 1446(b)(1) does not apply.  Plaintiff's "initial pleading," *i.e.*, the Complaint, did

12  not "affirmatively reveal" that Defendants had a right to remove the action based on

13  federal question jurisdiction under the LMRA.  *See Harris v. Bankers Life & Cas.*

14  *Co.,* 425 F.3d 689, 695 (9th Cir. 2005) (affirming timeliness of removal; "We join

15  with the other circuits that have adopted the same approach to indeterminate

16  pleadings—the ground for removal must be affirmatively in the initial pleading in

17  order for the first thirty-day clock under § 1446(b) to begin.").  Applying *Harris,*

18  the Ninth Circuit has held that the initial pleading timing requirement for removal is

19  not triggered by a complaint that "did not disclose on its face that [plaintiff's] suit

20  was one for breach of a CBA [collective bargaining agreement]."  *Rose v. Beverly*

21  *Health & Rehab. Servs., Inc.,* 295 F. App'x 142, 144 (9th Cir. 2008), No. 07-15039,

22  2008 WL 4428507, at *1 (E.D. Cal. Sept. 24, 2008).  Plaintiff's Complaint alleged

23  no such claim.  Defendants' "subjective knowledge to the contrary is irrelevant."

24  *Id; see also Harris,* 425 F.3d at 694 (removability "is determined through

25  examination of the four corners of the applicable pleadings, not through subjective

26  knowledge or a duty to make further inquiry.").

27      13.    Where the first thirty-day time period for removal does not apply, "the

28  notice of removal may be filed within thirty days after the defendant receives 'an

NOTICE OF REMOVAL OF CIVIL ACTION

1  amended pleading, motion, order or other paper' from which it can be ascertained

2  from the face of the document that removal is proper." *See Harris*, 425 F.3d at 694

3  (quoting 28 U.S.C. § 1446(b)(3)).

4      14.    A class certification order may commence a new thirty-day removal

5  period under 28 U.S.C. § 1446(b)(3). *See Reyes v. Dollar Tree Stores, Inc.,* 781

6  F.3d 1185, 1189 (9th Cir. 2015) (remand reversed based on new thirty-day period

7  created by state court's order certifying a broader class than previously alleged,

8  which increased the amount in controversy; "the time begins to run upon

9  occurrence of an event 'that discloses that the case is or has become removable'").

10     15.    The first pleading, motion, order or other paper from which

11 Defendants could ascertain that the action is removable is the 4/27/17 Order

12 granting class certification.  In the 4/27/17 Order, the superior court certified rest

13 period and minimum wage classes based on "common" issues under the

14 collectively-bargained PPR compensation system that applies to Southern

15 California Gas Company's part-time meter readers:

16         (1) Rest Period Class:  "The question to be resolved is whether (or not)

17         the [PPR] system, *as designed and implemented*, encouraged

18         employees to skip . . . rest breaks. . . . Thus, the issue can be resolved

19         at the class level." 4/27/17 Order at 17:14-18 (emphasis in original).

20         (2) Minimum Wage Class:  "The question the case presents is

21         . . . whether, as designed, the PPR system compensates part-time meter

22         readers for all hours worked at an hourly rate that is at least the

23         minimum wage. . . the issue here is whether Defendants' PPR system

24         properly factored in all times worked . . . ." 4/27/17 Order at 18:16-26.

25     16.    The Ninth Circuit previously has held that the PPR system is a

26 collectively-bargained agreement that can give rise to LMRA preemption.  In

27 *Firestone v. Southern California Gas Co.,* 219 F.3d 1063 (9th Cir. 2000), the court

28 described the PPR as follows: "In 1995, the plaintiffs' unions and the employer,

NOTICE OF REMOVAL OF CIVIL ACTION

1    Southern California Gas Company (SCGC), agreed to a compensation arrangement
2    set forth in a document entitled 'Pay-Per-Route (PPR) for Meter Reading and Meter
3    Reading A/B Routes' (PPR document).  Under the Pay-Per-Route system, all meter
4    readers were paid flat sums for completing meter reading routes of assigned
5    lengths, even if it took less than the estimated time to complete the routes.  The flat
6    sum for each route was calculated by multiplying the hourly rate set forth in the
7    collective bargaining agreement . . . by the amount of time it was expected to take
8    to complete the route." *Id.* at 1065.  In *Firestone*, the parties' dispute concerned
9    whether meter readers received "a premium wage rate" under the PPR that would
10   qualify under the California Labor Code's overtime exemption for employees
11   covered by a collective bargaining agreement.  *Id.* at 1066.  "To resolve that
12   dispute," said the Court, "it would be necessary to apply California law to
13   determine the overtime rights and obligations of the parties to the agreement.  The
14   claim is not 'independent' of the collective bargaining agreement under federal
15   preemption law."  *Id.  See also Estrada v. Kaiser Found. Hosps.*, No. 15-15133,
16   2017 U.S. App. LEXIS 1800, at *4-5 (9th Cir. Feb. 1, 2017) (affirming denial of
17   motion to remand based on LMRA preemption; court must interpret the
18   collectively-bargained agreement to resolve plaintiffs' wage claims where the
19   parties had "a contested interpretation" of "the agreed-upon wage" and the factors
20   used to calculate it).

21       17.    As framed by the superior court for the first time in the 4/27/17 Order,
22   an interpretation of the PPR flat sum compensation system agreed upon by the
23   Company and its unions in 1995 – and their history of bargaining concerning the
24   meaning and application of the agreement in the last two decades – is now required,
25   as in *Firestone* and *Estrada*, to determine the rights and obligations of the parties.
26   The facts are simple.  Plaintiff and the class members are part-time meter readers
27   who work alone in the field.  Each month they walk 21 routes, one per day, reading
28   gas meters.  For each route, absent unusual circumstances, they are paid a fixed

- 6 -

1    sum, akin to a daily salary, pursuant to the union-management PPR agreement.  The

2    most important dispute, framed by the 4/27/17 Order, is whether the PPR

3    agreement as "designed and implemented" covers all compensable time in a normal

4    workday (as Defendants contend), or whether it excludes from the fixed sum the

5    few minutes a meter reader may spend at the base before and after driving to the

6    field to read meters (as Plaintiff contends).  Thus, a state court jury is now expected

7    by the 4/27/17 Order to interpret a union-management agreement.  There could not

8    be a clearer case for complete preemption.  Also at issue pursuant to the 4/27/17

9    Order is whether the PPR agreement was intended as "designed and implemented"

10   to authorize and permit part-time meter readers who work alone in the field to take

11   as many paid rest breaks as they choose (as Defendants contend) or to incentivize

12   them to skip breaks (as Plaintiff contends).  The resolution of both of these

13   contested issues is substantially dependent on an interpretation of the collectively-

14   bargained PPR agreement.

15         18.    The interpretation of the PPR agreement necessitated by the 4/27/17

16   Order will require not only analysis of the text of the PPR itself (Exhibit B to the

17   Abbott Declaration), but also extensive inquiry into its bargaining history and more

18   than 20 years of its application by the Southern California Gas Company and its

19   unions.  *See Retail Clerks Int'l Ass'n v. Lion Dry Goods, Inc.*, 369 U.S. 17, 28, 82

20   S. Ct. 541, 548 (1962) (holding that any agreement between a labor organization

21   and a company is a "contract" for purposes of Section 301 preemption if "[i]ts

22   terms affect the working conditions of the employees of both respondents.").

23         19.    Section 301 of the LMRA completely preempts any and all purported

24   state law causes of action by an employee that are based on rights created by a

25   collective bargaining agreement or that require interpretation of a collective

26   bargaining agreement for their resolution.  *See Allis-Chalmers Corp. v. Lueck*, 471

27   U.S. 202, 220, 105 S. Ct. 1904, 1916 (1985) ("[W]hen resolution of a state-law

28   claim is substantially dependent upon analysis of the terms of [a collective-

- 7 -                          NOTICE OF REMOVAL OF CIVIL ACTION

1  bargaining] agreement . . . that claim must either be treated as a § 301 claim or

2  dismissed as pre-empted by federal labor-contract law.") (citation omitted); *Hayden*

3  *v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1991) (Section 301 of the LMRA

4  completely preempts state law claims either when those claims are "founded

5  directly on rights created by collective-bargaining agreements," or when a claim

6  based on a state law right "requires the interpretation of a collective bargaining-

7  agreement") (citation omitted).

8       20.    Claims that are completely preempted by section 301 of the LMRA are

9  treated as claims arising under federal law of which this Court has original

10 jurisdiction under 28 U.S.C. Section 1331, and are therefore removable to this

11 Court.  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393, 107 S. Ct. 2425, 2430

12 (1987) ("Once an area of state law has been completely pre-empted, any claim

13 purportedly based on that pre-empted state law is considered, from its inception, a

14 federal claim, and therefore arises under federal law.… The complete pre-emption

15 [doctrine] is applied primarily in cases raising claims pre-empted by § 301 of the

16 LMRA.") (citations omitted); *Galvez v. Kuhn*, 933 F.2d 773, 775-76 (9th Cir. 1991)

17 ("'Once an area of state law has been completely preempted, any claim purportedly

18 based on that preempted state law is considered…a federal claim, and therefore

19 arises under federal law.'  In those instances, a claim that seemingly rests solely on

20 state law may nonetheless be removable." (citation and internal quotations omitted).

21      21.    Defendants have asserted LMRA preemption as a defense to Plaintiff's

22 claims from the outset of this litigation, and Plaintiff has denied that his claims are

23 preempted.  But the defense of preemption is separate and distinct from the doctrine

24 of complete preemption, and only "complete" preemption entitles a defendant to

25 remove.  *See Retail Prop. Tr. v. United Bhd. of Carpenters & Joinders*, 768 F.3d

26 938, 946-50 (9th Cir. 2014) (distinguishing between "complete" and "defensive"

27 preemption, and holding that only "complete" preemption triggers the right of

28 removal).

NOTICE OF REMOVAL OF CIVIL ACTION

22.     That a plaintiff is represented by a union and subject to a collective bargaining agreement, as Plaintiff and the putative class are here, does not, without more, establish complete preemption by the LMRA.  *See Caterpillar, supra*, 482 U.S. at 396 n.10  ("Section 301 does not, as Caterpillar suggests, require that all 'employment-related matters involving unionized employees' be resolved through collective bargaining and thus be governed by a federal common law created by [Section] 301.  The Court has stated that 'not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by [Section]301 or other provisions of the federal labor law.'" (citation omitted)).

23.     It was only upon the superior court's issuance of the 4/27/17 Order that it became clear that this case would turn upon the interpretation of the PPR agreement.  This Court has held that the time limit for removal "'is triggered only when the information supporting removal is unequivocally clear and certain.'"  *Mattel, Inc., v. Bryant*, 441 F. Supp. 2d 1081, 1089-90 (C.D. Cal. 2005) (citation omitted).

24.     Because Defendants have removed this action within thirty days of entry of the 4/27/17 Order, the removal is timely pursuant to 28 U.S.C. § 1446(b)(3).

25.     Plaintiff's remaining individual first and third causes of action for alleged failure to provide meal periods and overtime wages, respectively (neither of which Plaintiff moved to certify),[1] and the class-based fifth through seventh "derivative" causes of action (4/27/17 Order at 18:27-19:10), for failure to pay all

---

[1] The superior court's 4/27/17 Order could be interpreted as erroneously certifying Plaintiff's meal period claim even though Plaintiff did not move for certification of that cause of action.  *See* 4/27/17 Order at 17:14-18 ("The question to be resolved is whether (or not) the system, *as designed and implemented*, encouraged employees to skip meal and rest breaks.") (emphasis in original).  Out of an abundance of caution, prior to filing this Notice of Removal, Defendants filed a motion requesting the superior court to correct its 4/27/17 Order to the extent it purports to certify a meal period class that Plaintiff did not seek; that motion has not been ruled upon but does not affect this Court's jurisdiction upon removal.

wages due to terminated employees, failure to maintain required records and unlawful business practices, respectively, likewise present federal questions under the LMRA complete preemption doctrine because their resolution requires analysis and interpretation of the collectively-bargained PPR system.  However, should this Court construe any of Plaintiff's claims to state a cause of action under California state law for which this Court does not have original jurisdiction, this Court has supplemental jurisdiction over such claims because they are transactionally related to the federal law issues.  *See* 28 U.S.C. § 1367(a).   Because all of Plaintiff's claims arise from the same common nucleus of operative facts, all should be tried in one action.  *Id.; see Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 714 (9th Cir. 1990) ("Because [plaintiff's] state law claims derive from the same nucleus of operative fact as the [federal] claim . . . the district court [has] jurisdiction over all of [plaintiff's] claims . . . .").  Considerations of convenience, judicial economy and fairness to the litigants strongly favor this Court exercising jurisdiction over Plaintiff's entire Second Amended Complaint.  *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139 (1966) ("[J]ustification [for pendent jurisdiction] lies in considerations of judicial economy, convenience and fairness to litigants; . . . .").

26.     In accordance with 28 U.S.C. Section 1446(d), Defendants will, promptly after filing the Notice of Removal, give written notice of the Notice of Removal to the adverse party and will file a copy of this Notice of Removal with the Clerk of the Court of the Superior Court of the State of California for the County of Los Angeles.  Copies of these Notices are attached as Exhibits V and W, respectively, to the Abbott Declaration.  Proof of service of the Notice to Superior Court Clerk of Removal of Civil Action to United States District Court and of the Notice to Adverse Party of Removal to Of Civil Action to United States District Court will be filed with this Court immediately after the Superior Court filing is accomplished.  (Abbott Decl. ¶ 28.)

NOTICE OF REMOVAL OF CIVIL ACTION

1    WHEREFORE, Defendants remove the above-entitled action now

2    pending in the Superior Court of the State of California for the County of Los

3    Angeles to this Court.

4

5    DATED:  May 30, 2017         PAUL HASTINGS LLP
                                   YOUNG, ZINN & BATE LLP
6

7                                 By: /s/Paul Grossman
8                                        PAUL GROSSMAN

9                                 Attorneys for Defendants
                                   SOUTHERN CALIFORNIA GAS COMPANY
10                                 and SEMPRA ENERGY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF CIVIL ACTION

LEGAL_US_W # 90065210.2