JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINAT CHHAN, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN CALIFORNIA GAS COMPANY, a California corporation; SEMPRA ENERGY, a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. CV 17-4008-R<br><br>ORDER GRANTING PLAINTIFF SINAT CHHAN'S MOTION TO REMAND |

Before the Court is Plaintiff's Motion to Remand, which was filed on June 29, 2017. (Dkt. No. 16). Having been briefed by both parties, this Court took the matter under submission on August 2, 2017.

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the

right of removal in the first instance." *Geographic Expeditions, Inc., v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).

Plaintiff filed the initial complaint in this action on September 23, 2013 in the Superior Court of the State of California for the County of Los Angeles. The complaint alleged ten wage-and-hour causes of action against Defendants. After the parties participated in significant litigation at the state court level, Defendants removed this action to federal court on May 30, 2017, following a ruling by the state court granting Plaintiff's Motion for Class Certification as to his rest break and minimum wage claims. Defendants based their Notice of Removal on the grounds that Plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"). With his Motion, Plaintiff seeks to remand this action on two grounds: (1) Defendants' removal of this action was untimely; and (2) Defendants' removal is substantively defective. As the Court concludes that Defendants' removal was untimely, the Court need not reach Plaintiff's argument with respect to the alleged substantive defects in Defendants' Notice of Removal.

The time requirements for filing a petition for removal are stated in Title 28 U.S.C. § 1446(b). Section 1446 (b)'s "time limit is mandatory and a timely objection to a late petition will defeat removal." *Fistoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1989). Section 1446 provides two 30-day windows during which a case may be removed: "during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper 'from which it may be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.'" *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005) (quoting 28 U.S.C. § 1146 (b)(3)).

Defendants' removal was untimely because they had all the information necessary to ascertain the purported grounds for removability at least as early as May 20, 2014, when they deposed Plaintiff. As stated above, Defendants argue that removal is appropriate on the grounds that Plaintiff's claims are preempted by Section 301 of the LMRA. Specifically, Defendants argue that resolution of Plaintiff's rest period and minimum wage claims requires an interpretation of the relevant collective bargaining agreement.

2

The second 30-day window provided by Section 1446 begins to run when a defendant receives a paper from which it may be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1146 (b)(3). At Plaintiff's May 20, 2014 deposition, Plaintiff testified, among other things, that he was in fact part of a union and that the collective bargaining agreement applied to his employment. Thus, Defendants had the information necessary to ascertain their grounds for removability on that date. Indeed, subsequent to Plaintiff's deposition, Defendants filed a Motion for Summary Judgment on October 31, 2014, arguing, among other things, that Plaintiff's rest break and minimum wage claims were preempted by Section 301 of the LMRA. Defendants' contention that their 30-day window did not begin to run until Judge Maren Nelson's April 27, 2017 Order Granting Class Certification is without merit. Accordingly, because Defendants were put on notice of removability on May 20, 2014, their Notice of Removal, filed over three years later, is untimely.

Finally, the Court declines to grant Plaintiff's request for attorney's fees under Section 1447(c). Each party shall bear their own costs.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is GRANTED. (Dkt. No. 16). The instant action is hereby REMANDED to the Superior Court of the State of California for the County of Los Angeles.

Dated: August 29, 2017.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE